IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRED BRISSETTE,

                              Plaintiff,                                    ORDER

         v.                                                       12-cv-744-wmc

DEBORAH McCULLOCH and
ERIN LUND,

                              Defendants.

---

Plaintiff Fred Brissette, a patient at the Sand Ridge Secure Treatment Center, has filed a proposed complaint. Plaintiff has not paid the $350 filing fee so I construe his complaint to include a request for leave to proceed *in forma pauperis*. A decision on the request will be delayed until plaintiff pays an initial partial payment of the $350 filing fee as required by 28 U.S.C. § 1915(b). Plaintiff's initial partial payment cannot be calculated at this time because he has not submitted a trust fund account statement with his complaint.

This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiff who are not subject to the 1996 Prison Litigation Reform Act. *See Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999). From a six-month resident account statement covering the full six-month period immediately preceding the filing of the plaintiff's complaint, the court calculates two amounts, 20% of the plaintiff's average monthly income and 20% of the plaintiff's average monthly balance. Whichever amount is greater is the amount the plaintiff will have to prepay toward the $350 filing fee. He will qualify for indigent status with respect to the remainder of the fee. (The *in forma pauperis* statute does not permit a court to waive entirely a plaintiff's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.)

Plaintiff will have to provide a copy of his six-month resident account statement if he intends to pursue his request for leave to proceed *in forma pauperis*.  Because plaintiff's complaint was submitted on October 11, 2012, his resident account statement should cover the period beginning approximately April 11, 2012 and ending approximately October 11, 2012.  If plaintiff fails to submit the required statement within the deadline set below, I will assume he does not wish to proceed with this action and this case will be closed.

ORDER

IT IS ORDERED that plaintiff Fred Brissette may have until November 6, 2012, in which to submit a certified copy of his resident account statement beginning approximately April 11, 2012 and ending approximately October 11, 2012.  If, by November 6, 2012, plaintiff fails to submit the required statement or show cause of his failure to do so, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 16th day of October, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2