IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FRED BRISSETTE,

                Plaintiff,

v.

DEBORAH McCULLOCH and
ERIN LUND,

                Defendants.

ORDER

12-cv-744-wmc

      In an order entered on October 16, 2012, I directed plaintiff Fred Brissette, a patient at the Sand Ridge Secure Treatment Center, to submit by November 6, 2012 a certified copy of his six-month resident account statement so I could calculate what amount of money, if any, plaintiff must prepay toward the $350 filing fee. In response to the order, plaintiff has submitted a certified copy of this statement covering the period from October 1, 2012 to October 24, 2012. This will not suffice.

      As I explained to plaintiff in the October 16 order, this court has adopted the 1996 Prison Litigation Reform Act's formula for determining indigence for all institutionalized persons, even when the PLRA does not apply of its own force. *Longbehn v. Reno*, 27 F.Supp. 2d 1162, 1164-65 (W. D. Wis. 1998). In order to determine the amount plaintiff will have to prepay toward the $350 filing fee, it is necessary for the court to calculate his average monthly income from a *full* six-month resident account statement. Accordingly, plaintiff should submit a supplemental account statement for the period beginning approximately April 11, 2012 and ending approximately October 1, 2012.

      In addition, plaintiff has not yet submitted a signed complaint. Court records show that on October 16, 2012, court staff returned a copy of plaintiff's complaint to him for signature

pursuant as required by the Federal Rules of Civil Procedure. Under Rule 11(a), every pleading, motion and other paper filed with the court must be signed by the party if that party is not represented by counsel. "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). I will return to plaintiff a second copy of his unsigned complaint with his copy of this order. If plaintiff wishes to continue with this lawsuit, he will have to submit a copy of his six-month resident account statement and he will have to file a signed copy of the complaint within the deadline set below.

ORDER

IT IS ORDERED that plaintiff Fred Brissette may have until November 30, 2012, in which to file a signed copy of the complaint and a supplemental resident account statement for the period beginning April 11, 2012 and ending October 1, 2012. If, by November 30, 2012, plaintiff fails to submit a signed complaint and the necessary resident account statement, I will assume that he wishes to withdraw this action voluntarily. In that event, the clerk of court is directed to close this case without prejudice to plaintiff's filing his case at a later date.

Entered this 8th day of November, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge