IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRED BRISSETTE,

                Plaintiff,                  OPINION AND ORDER

  v.

DEBORAH MCCULLOCH, and                  12-cv-744-wmc
ERIN LUND,

                Defendants.

---

In this lawsuit, Fred Brissette, a detainee at the Sand Ridge Secure Treatment Center ("the Center"), is suing the director of the Center and a food service administrator who works there. Brissette asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Brissette has provided, the court has concluded that he is unable to prepay the full fee for filing this lawsuit. He has also made the initial payment of $28.78 required of him under the court's standard prepayment calculation for institutionalized, non-prisoner litigants. *Longbehn v. Reno*, 27 F. Supp. 2d 1162, 1164-65 (W.D. Wis. 1998).

The court must now determine whether Brissette's proposed action (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Concluding that the complaint fails to state any viable claim that invokes this court's jurisdiction, the court will deny Brissette leave to proceed.

OPINION

Brissette has submitted a 13-page complaint, most of which appears to cut-and-paste the local rules for the Federal District Court for the Eastern District of Wisconsin. As such, the complaint is largely devoid of factual allegations, but there are two sections that do touch on Brissette's situation and that suggest a potential legal claim. On page three, under the heading "Statement of Claim," Brissette states (verbatim):

> Erin Lund failure to act "*Food Service Administrator*" may be held liable for their failure to act if it result in a constitutional violation 164 Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976) (medical care claims may be based on "acts or omissions"); Davis v. Rennie, 264 F.3d 86, 114 (1st Cir. 2001); Alexander v. Perrill, 916 F.2d 1392, 1395 (9th Cir. 1990) (prison officials "can't just sit on your duff and not do anything" to prevent violations of rights); Lewis v. Mitchell, 416 F.Supp.2d 935 945 (S.D. Cal. 2005) (a person may be liable under § 1983 if he "omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." (Quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).

(Compl., dkt. #11, at 3.)

Three paragraphs later, Brissette states (again, verbatim):

> Deborah McCulloch, Director Case No: 12-SR-00344 Date 08/09/12. Alleged violation facility unsafe environment:
>
> You claim that while you were working in the kitchen you entered the dishroo[m] and you slipped and fell on your back and hit your left elbow. You state there was not a wet floor sign which violates institutional policy. You claim that when a floor is being mopped or washed a wet floor sign must be posted to ensure no accidents happen.

(Compl., dkt. #11, at 3-4.)

In addressing any pro se litigant's complaint, the court must read the allegations generously and hold the complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Giving the complaint the most sympathetic treatment possible, Brissette seems to be alleging (1) § 1983 deliberate indifference claims against the director of the Center, Deborah McCulloch, and a food service administrator at the Center, Erin Lund; and (2) state law negligence claims against Lund.

Unfortunately for Brissette, there are no concrete or even inferable allegations that either defendant was *deliberately indifferent* to a serious risk of harm to Brissette. At most, the allegations suggest that Brissette may have slipped on a wet floor where no sign had been posted. Nothing about either defendant's state of mind can be gleaned from the complaint. Accordingly, Brissette has failed to state an actionable federal claim for violation of the Eighth Amendment under § 1983.

A better argument might be made that Brissette's bare-bones allegations suffice to articulate a state law negligence claim, but the allegations do not create a basis for federal diversity jurisdiction under 42 U.S.C. § 1332. Therefore, this court has no power to hear such a claim. Were Brissette able to better articulate the grounds for such a negligence claim, he may have better luck in the Wisconsin state court system.

ORDER

IT IS ORDERED that:

(1) plaintiff Fred Brissette's motion for leave to proceed is DENIED;

(2) plaintiff's federal law claims are DISMISSED with prejudice for failure to state a claim for which relief may be granted; and

(3) plaintiff's state law claims are DISMISSED without prejudice for lack of subject matter jurisdiction.

Entered this 18th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge